JENNY M. MADKOUR, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON
Ashley Bannon Moore, OSB No. 113219
Senior Assistant County Attorney
Multnomah County Attorneys
501 S.E. Hawthorne Blvd., Suite 500
Portland, Oregon 97214
Telephone: (503) 988-3138
Facsimile: (503) 988-3377
E-mail: ashley.bannon.moore@multco.us
   *Of Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MONICA KLEIN,<br><br>              Plaintiff,<br><br>v.<br><br>MARIAN CANNELL, Shelter Operations Manager for Multnomah County, in her individual capacity; and MULTNOMAH COUNTY, a municipal corporation of the State of Oregon,<br><br>              Defendants. | Multnomah County Circuit Court<br>Civil Case No. 24CV00293<br><br>**NOTICE OF REMOVAL** |

**TO THE CLERK OF THE COURT:**

PLEASE TAKE NOTICE that Defendants Marian Cannell and Multnomah County, (hereinafter "Defendants") hereby give notice that the above action is removed from the Circuit Court of the State of Oregon for the County of Multnomah, in which it is now pending, to the United States District Court for the District of Oregon. In support of removal, Defendants state the following:

**SUBJECT MATTER JURISDICTION**

1. This civil action arises out of the termination of the termination of Plaintiff's volunteer service at the Multnomah County Animal Shelter ("MCAS").

2. On January 3, 2024, Alan Kessler, counsel for Plaintiff, filed a Complaint in this civil action against Defendants Marian Cannell and Multnomah County, in Multnomah County Circuit Court, Case No. 24CV00293. A copy of the Complaint is attached to this Notice as Exhibit 1, which is the only filing that Defendants have received in this State Court Action.

3. Among other claims, Plaintiff alleges that the conduct of Defendants violated her federal constitutional rights, and that Defendants' actions caused damages to the Plaintiff. The Plaintiff seeks monetary damages for those claims under Article I §8 of the Oregon Constitution and the First Amendment of the United States Constitution.

4. This Court has original jurisdiction over Plaintiff's constitutional claims under 42 U.S.C. § 1983.

**TIMELY REMOVAL**

5. Plaintiff filed the Complaint in this action on January 3, 2024, and emailed a courtesy copy of the complaint to counsel for Defendants on the same date.

6. Notice of Removal is timely filed on the first accessible day after 30 days of receipt of Complaint, under 28 U.S.C. § 1446(b)(3) and Fed. R. Civ. P. 6(a)(3).

**OTHER PROCEDURAL REQUIREMENTS**

8. <u>Removal to Proper Court</u>. This Court is part of the "district and division" embracing the place where the State Court Action was filed and it is the proper venue for removal. 28 U.S.C. § 1446(a).

9.  <u>Pleadings and Process</u>. As required by 28 U.S.C. § 1446(a), Defendants have attached a set of all process, pleadings, and court orders that they have received in the State Court Action as Exhibit 1 to this Notice.

10. <u>Notice</u>. As required by 28 U.S.C. § 1446(d), a copy of this notice will be timely filed with the clerk of the Multnomah County Circuit Court and served on Plaintiffs' counsel.

11. <u>Rule 11 Requirements</u>. Defendants file this notice in accordance with Rule 11 of the Federal Rules of Civil Procedure.

12. <u>Reservation of Rights</u>. Defendants intend no admission of liability by this Notice and expressly reserve all defenses available to them.

13. Based upon the foregoing paragraphs, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367, and the claims may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

THEREFORE, Defendants respectfully give notice that the above action now pending against them in the Circuit Court of Oregon, County of Multnomah has been removed to this Court.

Dated this 2nd day of February, 2024.

> Respectfully submitted,
>
> JENNY M. MADKOUR, COUNTY ATTORNEY
> FOR MULTNOMAH COUNTY, OREGON
>
> */s/ Ashley Bannon Moore*
> Ashley Bannon Moore, OSB No. 113219
> Senior Assistant County Attorney
> *Of Attorneys for Defendants*

RECEIVED FEB 01 2024 COUNTY ATTORNEY FOR MULTNOMAH COUNTY, OR

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

Case No. 24CV00293

**Monica Klein,**
*Plaintiff,*

v.

**Marian Cannell,** Shelter Operations Manager for Multnomah County, in her individual capacity; and **Multnomah County,** a municipal corporation of the State of Oregon,
*Defendants.*

SUMMONS

**TO: Multnomah County**

IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and defend the complaint filed against you in the above-entitled cause within 30 days from the date of service of this summons on you. If you fail to appear and defend, the plaintiff will apply to the court for the relief demanded in the complaint.

NOTICE TO DEFENDANT:

READ THESE PAPERS CAREFULLY!

1 - SUMMONS

Alan Lloyd Kessler
2725 SE 36th Ave.
Portland, OR 97202
ak@alankessler.law
(503) 860-1020

Exhibit 1
Page 1 of 15

1  You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The
2  "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on
3  the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.
4

5  DATED: January 25, 2024.     <u>Alan Lloyd Kessler</u>
                                 Alan Lloyd Kessler, OSB No. 150209
6                                *ak@alankessler.law*
                                 Plaintiff/Attorney for Plaintiff
7

8  If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service
9  online at https://www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

2 − SUMMONS

Alan Lloyd Kessler
2725 SE 36th Ave.
Portland, OR 97202
ak@alankessler.law
(503) 860-1020

Exhibit 1
Page 2 of 15

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**

**FOR THE COUNTY OF MULTNOMAH**

| | |
|---|---|
| **Monica Klein,** *Plaintiff,* <br><br> v. <br><br> **Marian Cannell,** Shelter Operations Manager for Multnomah County, in her individual capacity; and **Multnomah County,** a municipal corporation of the State of Oregon, *Defendants.* | Case No. _____ <br><br> **COMPLAINT** <br><br> (Violation of Article I, Section 8 of the Oregon Constitution; First Amendment Retaliation–42 U.S.C. §1983; Retaliation–ORS 659A.030; and Declaratory and Injunctive Relief) <br><br> **NOT SUBJECT TO MANDATORY ARBITRATION** |

**INTRODUCTION**

1.

Plaintiff, Monica Klein, by and through her counsel, brings this action alleging that Defendant Multnomah County unlawfully retaliated against her in her role as a shelter volunteer for speaking up in an attempt to prevent Multnomah County Animal Services ("MCAS") from euthanizing Cloud, a year-and-a-half old poodle, then housed at its shelter.

1 - COMPLAINT

Alan Lloyd Kessler
2725 SE 36th Ave.
Portland, OR 97202
ak@alankessler.law
(503) 860-1020

Exhibit 1
Page 3 of 15

## JURISDICTION AND VENUE

2.

Plaintiff Monica Klein ("Klein") is, and has been at all relevant times, a resident of Multnomah County, Oregon.

3.

Defendant Multnomah County ("County") is, and has been at all relevant times, a municipal corporation of the State of Oregon.

4.

Defendant Marian Cannell is and has at all times relevant to this action been employed as Shelter Operations Manager for Multnomah County, with a primary place of business located in Multnomah County, Oregon.

## FACTUAL ALLEGATIONS

5.

Klein volunteered to work at the County's animal shelter beginning in February of 2023. As a volunteer for MCAS, Klein provided care, feeding, enrichment, and companionship to many of the animals held by the County's Animal Services department.

6.

Conditions at the County's shelter are bleak. A February 2023 Oregonian article described the issues at defendant MCAS as "deep-rooted" and having persisted "for years." According to the article, MCAS staff and volunteers attributed the inhumane conditions at the shelter to "overcrowding, staffing shortages and consistent indifference from management...."

2 - COMPLAINT

Alan Lloyd Kessler
2725 SE 36th Ave.
Portland, OR 97202
ak@alankessler.law
(503) 860-1020

Exhibit 1
Page 4 of 15

7.

When Klein began volunteering, she soon became aware that the shelter is severely understaffed, which results in dire conditions for animals in its care. She observed that dogs are often held in reeking kennels for days without walks; that many animals were given food only once per day; that some dogs lack access to water; and that during summer months, animals suffer in oppressive heat without adequate climate control.

8.

Aware that MCAS holds itself out as operating a "no-kill" shelter, Klein was dismayed to learn that MCAS regularly euthanizes adoptable or treatable animals. Moreover, Klein found that MCAS's public statements and reports about its use of euthanasia were incongruent with its practices.

9.

Disturbed by the killings, Klein researched the County's policies and code relating to euthanasia.

10.

From her observations and research, Klein formed a reasonable belief that MCAS's euthanasia practices violated County code policies.

11.

Klein also developed a reasonable belief that the County was acting contrary to law and/or policy by deceiving the public about its use of euthanasia.

3 – COMPLAINT

Alan Lloyd Kessler
2725 SE 36th Ave.
Portland, OR 97202
ak@alankessler.law
(503) 860-1020

Exhibit 1
Page 5 of 15

12.

In late June or early July, Monica became aware that MCAS personnel had decided to euthanize the poodle Cloud who had been recently returned to the shelter after a first adoption was vetoed by the family cat, and a second was terminated because a landlord objected to his reaction to a dog he saw through a sliding glass door.

13.

Cloud's adopting families both described him as affectionate and enjoying gentle contact with people. The second adopter reported that he was already trained to sit and lie down on command.

14.

Cloud was healthy and had no "bite history" — *i.e.*, no known history of attacking any person or animal. He was, to Klein's understanding, adoptable under County code and policies.

15.

Klein learned that MCAS had justified classifying Cloud as dangerous based on the second adopter's observation of the poodle reacting to the smaller dog. She reasonably believed that it would be a violation of the County's policies and code to classify Cloud as dangerous based on that evidence.

16.

Feeling affection for Cloud, and believing he was a good boy who could be adopted and have a happy life, Klein first spoke with MCAS personnel asking for an opportunity to find Cloud a home. She was rebuffed.

4 – COMPLAINT

Alan Lloyd Kessler
2725 SE 36th Ave.
Portland, OR 97202
ak@alankessler.law
(503) 860-1020

Exhibit 1
Page 6 of 15

17.

Klein next posted a series of personal pleas from her personal accounts on social media sites.

18.

For example, on July 7, 2023, Klein posted the following image and text on the social media site nextdoor.com:

> The shelter had my original post removed because they do not want you to know and they do not want you to react. This is only ONE of the dogs euthanized this week with no bite history.
>
> Original post: TOMORROW THIS POODLE WILL BE EUTHANIZED
> Multnomah county animal shelter claims to be a no kill shelter. This poodle has never bitten another dog or person. He is being euthanized for Having a reaction to a small dog through a closed window. No contact was made.

**Cloud**

Animal ID: 292305

**Details**

5 – COMPLAINT

Alan Lloyd Kessler
2725 SE 36th Ave.
Portland, OR 97202
ak@alankessler.law
(503) 860-1020

Exhibit 1
Page 7 of 15

19.

Klein's post was removed at least once by nextdoor.com because, upon information and belief, defendant County requested the social media site to censor her statements.

20.

On July 8, 2023 she posted an update, writing:

"Update, cloud was euthanized. I pleaded they at least wait until the director has responded to our emails. They said 'nope' very heartlessly. This is Andrew and Erin at the **MULTNOMAH COUNTY SHELTER**." (emphasis original)

21.

The way in which the County operates its shelter, the transparency it provides to the public about its operations, and the degree to which animals in the care of MCAS are treated humanely are matters of substantial public concern. This is evidenced, for example, in the large amount of support and attention Klein's posts received.

22.

On July 11, Defendant Cannell emailed Klein to terminate her service at MCAS. Cannell wrote in a letter (attached hereto as Exhibit A):

"Due to your actions occurring over the weekend of July 8-9 that were in violation of the Volunteer Agreement, we are writing to inform you that we are permanently terminating your volunteer service at MCAS, in person or remotely, effective immediately."

23.

Cannell's email to Klein included several paragraphs as text, which Cannell identified as excerpts from MCAS's volunteer handbook. The quoted text purports to

6 - COMPLAINT

Alan Lloyd Kessler
2725 SE 36th Ave.
Portland, OR 97202
ak@alankessler.law
(503) 860-1020

Exhibit 1
Page 8 of 15

1  require volunteers to "adher[e] to, and show[] support of, the policies and directives of
2  MCAS staff...."

3                                              24.

4  Moreover, the text quoted in Defendant Cannell's letter purports to prohibit
5  volunteers from "...solicit[ing] changes to determined dispositions or individual
6  outcomes without express approval from MCAS, including seeking rescue for animals
7  on behalf of MCAS, seeking adoption placement for animals that are not available for
8  adoption, or otherwise disregarding the disposition determination process in place at
9  MCAS."

10                                              25.

11  In short, each of the County—through Cannell as its agent—and Cannell, as an
12  individual, expressly terminated Klein's volunteer service because of and in retaliation
13  for her public statements regarding Cloud and the County's euthanasia and animal
14  care practices.

**FIRST CLAIM FOR RELIEF**
**UNIFORM DECLARATORY JUDGMENT ACT**
**(Oregon Constitution – Article 1, Section 8)**

                                              26.

Plaintiff incorporates the allegations contained in the above paragraphs of this
Complaint as if fully set forth herein.

7 - COMPLAINT

Alan Lloyd Kessler
2725 SE 36th Ave.
Portland, OR 97202
ak@alankessler.law
(503) 860-1020

Exhibit 1
Page 9 of 15

27.

Defendants' Volunteer Agreement violates Article 1, Section 8 of the Oregon Constitution because it imposes impermissible restrictions on the content of volunteers' expression.

28.

Defendants' termination of Plaintiff's volunteer service violated Article 1, Section 8 of the Oregon Constitution because it was based on the application of a policy that explicitly regulates expression based on content.

29.

Defendants' ban on Plaintiff's future volunteer service violates Article 1, Section 8 of the Oregon Constitution because it punishes Plaintiff for her lawful expressive activities and is intended to and/or likely to chill the free expression of other similarly situated volunteers.

30.

Defendants' termination of Plaintiff's volunteer service was unlawful because it was based on the application of a policy that explicitly regulates expression based on its content.

31.

Defendants' interference with Plaintiff's nextdoor.com posts violated Article 1, Section 8 of the Oregon Constitution because it suppressed Plaintiff's written expression based on its content.

8 – COMPLAINT

Alan Lloyd Kessler
2725 SE 36th Ave.
Portland, OR 97202
ak@alankessler.law
(503) 860-1020

Exhibit 1
Page 10 of 15

32.

Defendants' policy that volunteers must receive "express approval" before "solicit[ing] changes to determined dispositions or individual outcomes" is a prior restraint on expression in violation of Article I, Section 8 of the Oregon Constitution.

33.

Plaintiff is entitled to declaratory relief as to the invalidity of the provisions of law, code, and policy Defendants relied upon in taking the unlawful actions described above.

34.

Plaintiff is entitled to injunctive relief requiring Defendants to reinstate her as a volunteer.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. §1983**
**(First Amendment Retaliation)**

35.

Plaintiff incorporates the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

36.

Plaintiff's social media posts expressed her opinions related to MCAS' euthanasia practices and MCAS' animal care practices, each of which is a topic of public concern. As such, each of the posts was a constitutionally protected expression under the First Amendment to the United States Constitution.

9 – COMPLAINT

Alan Lloyd Kessler
2725 SE 36th Ave.
Portland, OR 97202
ak@alankessler.law
(503) 860-1020

Exhibit 1
Page 11 of 15

1  
2  37.

Defendants' termination of Klein's volunteer service was motivated by the content of her social media posts.

38.

Defendant Cannell acted to end Klein's volunteer service with knowledge of, and in retaliation for, Klein's protected expressive activities.

39.

Defendant Cannell acted to violate Klein's rights both individually and on the behalf of Defendant County; her decision to end Klein's volunteer service were made in accordance with the County's official policies, in accordance with the County's widespread practices or customs, and/or in her capacity as an official with final policy-making authority.

40.

Defendants' actions to terminate Plaintiff's volunteer service chilled Plaintiff's expressive activity and is likely to have chilled other volunteers' expressive activities. Defendants' actions would chill a person of ordinary firmness from continuing to engage in expressive activity.

41.

Plaintiff is entitled injunctive relief requiring Defendants to reinstate her as a volunteer.

10 – COMPLAINT

Alan Lloyd Kessler
2725 SE 36th Ave.
Portland, OR 97202
ak@alankessler.law
(503) 860-1020

Exhibit 1
Page 12 of 15

42.

As a result of Defendants' behavior alleged above, Plaintiff is entitled to recover economic, non-economic, and/or nominal damages as well as her reasonable costs and attorney's fees.

### THIRD CLAIM FOR RELIEF
### (Whistleblower Retaliation – ORS 659A.030)

43.

Plaintiff incorporates the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

44.

Defendants' behavior as described above violated ORS 695A.030(1)(f) because Defendants retaliated against Plaintiff by terminating her service and taking other adverse actions related to the volunteer service of Plaintiff and/or people closely associated with Plaintiff because she opposed—in good faith—behavior she believed to be illegal.

45.

Defendant's violation of ORS 659A.030(1)(f) directly and proximately caused Plaintiff economic and non-economic harm for which she seeks damages in amounts to be determined by the Court and/or nominal damages in the amount of $1.

46.

Pursuant to ORS 659A.885, Plaintiff is entitled to recover actual damages, punitive damages, reasonable attorney fees, and costs. Moreover, Plaintiff is entitled to injunctive and equitable relief, including reinstatement of her volunteer service.

11 – COMPLAINT

Alan Lloyd Kessler
2725 SE 36th Ave.
Portland, OR 97202
ak@alankessler.law
(503) 860-1020

Exhibit 1
Page 13 of 15

47.

Plaintiff incorporates the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a) For reinstatement of Plaintiff's volunteer service;

b) For permanent injunction prohibiting Defendants from retaliating against other volunteers who have opposed unlawful behavior;

c) For a declaration that MCAS's volunteer agreement or specific portions thereof are invalid;

d) For a declaration that the laws, rules, and policies relied on by Defendants in conducting the actions described above are invalid;

e) For actual damages including economic and non-economic losses caused by Defendants' illegal retaliation, in amounts to be determined by the Court;

f) For nominal damages in the amount of $1 from each Defendant;

g) For Plaintiff's reasonable attorney's fees and costs; and

h) For any other equitable relief that this Court may determine to be fair and just.

DATED: January 3, 2024.   _Alan Lloyd Kessler_
Alan Lloyd Kessler, OSB No. 150209
*ak@alankessler.law*
Plaintiff/Attorney for Plaintiff

12 – COMPLAINT

Alan Lloyd Kessler
2725 SE 36th Ave.
Portland, OR 97202
ak@alankessler.law
(503) 860-1020

Exhibit 1
Page 14 of 15

# RETURN OF SERVICE

**State of Oregon**  **County of Multnomah**  **Circuit Court**

Case Number: 24CV00293

Plaintiff:
**Monica Klein,**

vs.

Defendant:
**Marian Cannell, et al.,**

Received by RUSH PROCESS SERVICE, INC. to be served on **Multnomah County c/o County Counsel, 501 SE Hawthorne Blvd, Portland, OR 97214.**

I, Herman Garcia, do hereby affirm that on the **29th day of January, 2024** at **11:03 am, I:**

Served **Multnomah County c/o County Counsel** by serving a true copy of the **Summons; Complaint** to **Amy Goodale, Paralegal** at **501 SE Hawthorne Blvd, Portland, OR 97214**

**Certification of Mailing:** On **1/29/2024** a copy of the above referenced document(s) was mailed by regular U.S. Postal Service mail, first class, postage prepaid, to **501 SE Hawthorne Blvd, Portland, OR 97214.** If mailed by other than server: X _Teresa Thean_

I am a competent person 18 years of age or older and a resident of the state of service or this state and am not a party to nor an officer, director or employee of, nor attorney for any party, corporate or otherwise; and the person, firm, or corporation served is the identical one named in the action.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

**Herman Garcia**
Process Server

**Date**

RUSH PROCESS SERVICE, INC.
2014 N.E. Sandy Blvd., Suite 204
Portland, OR 97232
(503) 232-3667

Our Job Serial Number: SKS-2024000887

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2k

Exhibit 1
Page 15 of 15