Alan Lloyd Kessler, OSB No. 150209
2725 SE 36th Ave.
Portland, Oregon 97202
Telephone: (503) 860-1020
E-mail: ak@alankessler.law
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **Monica Klein**, *Plaintiff*, <br><br> v. <br><br> **Marian Cannell,** Shelter Operations Manager for Multnomah County, in her individual capacity; and **Multnomah County**, a municipal corporation of the State of Oregon, *Defendants*. | Case No.: 3:24-CV-00229-AN <br><br> FIRST AMENDED COMPLAINT <br><br> (Art. I, Sec. 8 of the Oregon Constitution and ORS 20.010) <br><br> NOT SUBJECT TO MANDATORY ARBITRATION |

INTRODUCTION

1.

Plaintiff, Monica Klein, by and through her counsel, brings this action alleging that Defendant Multnomah County unlawfully retaliated against her in her role as a shelter

1 – FIRST AMENDED COMPLAINT

volunteer for speaking up in an attempt to prevent Multnomah County Animal Services ("MCAS") from euthanizing Cloud, a year-and-a-half old poodle, then housed at its shelter.

## JURISDICTION AND VENUE

2.

Plaintiff Monica Klein ("Klein") is, and has been at all relevant times, a resident of Multnomah County, Oregon.

3.

Defendant Multnomah County ("County") is, and has been at all relevant times, a municipal corporation of the State of Oregon.

4.

Defendant Marian Cannell is and has at all times relevant to this action been employed as Shelter Operations Manager for Multnomah County, with a primary place of business located in Multnomah County, Oregon.

## FACTUAL ALLEGATIONS

5.

Klein volunteered to work at the County's animal shelter beginning in February of 2023. As a volunteer for MCAS, Klein provided care, feeding, enrichment, and companionship to many of the animals held by the County's Animal Services department.

6.

Conditions at the County's shelter are bleak. A February 2023 Oregonian article described the issues at defendant MCAS as "deep-rooted" and having persisted "for

2 – FIRST AMENDED COMPLAINT

Alan Lloyd Kessler
2725 SE 36th Ave.
Portland, OR 97202
ak@alankessler.law
(503) 860-1020

1  years." According to the article, MCAS staff and volunteers attributed the inhumane

2  conditions at the shelter to "overcrowding, staffing shortages and consistent

3  indifference from management…."

4                                        7.

5  When Klein began volunteering, she soon became aware that the shelter is severely

6  understaffed, which results in dire conditions for animals in its care. She observed that

7  dogs are often held in reeking kennels for days without walks; that many animals were

8  given food only once per day; that some dogs lack access to water; and that during

9  summer months, animals suffer in oppressive heat without adequate climate control.

10                                       8.

11  Aware that MCAS holds itself out as operating a "no-kill" shelter, Klein was

12  dismayed to learn that MCAS regularly euthanizes adoptable or treatable animals.

13  Moreover, Klein found that MCAS's public statements and reports about its use of

14  euthanasia were incongruent with its practices.

15                                       9.

16  Disturbed by the killings, Klein researched the County's policies and code relating

17  to euthanasia.

18                                       10.

19  From her observations and research, Klein formed a reasonable belief that

20  MCAS's euthanasia practices violated County code and policies.

21

22

23

3 – FIRST AMENDED COMPLAINT

11.

Klein also developed a reasonable belief that the County was acting contrary to law and/or policy by deceiving the public about its use of euthanasia.

12.

In late June or early July, Klein became aware that MCAS personnel had decided to euthanize the poodle Cloud who had been recently returned to the shelter after a first adoption was vetoed by the family cat, and a second was terminated because a landlord objected to his reaction to a dog he saw through a sliding glass door.

13.

Cloud's adopting families both described him as affectionate and enjoying gentle contact with people. The second adopter reported that he was already trained to sit and lie down on command.

14.

Cloud was healthy and had no "bite history"—*i.e.*, no known history of attacking any person or animal. He was, to Klein's understanding, adoptable under County code and policies.

15.

Klein learned that MCAS had justified classifying Cloud as dangerous based on the second adopter's observation of the poodle reacting to the smaller dog. She reasonably believed that it would be a violation of the County's policies and code to classify Cloud as dangerous based on that evidence.

4 – FIRST AMENDED COMPLAINT

16.

Feeling affection for Cloud, and believing he was a good boy who could be adopted and have a happy life, Klein first spoke with MCAS personnel asking for an opportunity to find Cloud a home. She was rebuffed.

17.

Klein next posted a series of personal pleas from her personal accounts on social media sites.

5 – FIRST AMENDED COMPLAINT

**Alan Lloyd Kessler**
2725 SE 36th Ave.
Portland, OR 97202
ak@alankessler.law
(503) 860-1020

18.

For example, on July 7, 2023, Klein posted the following image and text on the social media site nextdoor.com:

> The shelter had my original post removed because they do not want you to know and they do not want you to react. This is only ONE of the dogs euthanized this week with no bite history.
>
> Original post: TOMORROW THIS POODLE WILL BE EUTHANIZED
> Multnomah county animal shelter claims to be a no kill shelter. This poodle has never bitten another dog or person. He is being euthanized for Having a reaction to a small dog through a closed window. No contact was made.

**Cloud**
Animal ID: 292305

Details

19.

Klein's post was removed at least once by nextdoor.com because, upon information and belief, defendant County requested the social media site to censor her statements.

20.

On July 8, 2023 Klein posted an update, writing:

6 – FIRST AMENDED COMPLAINT

**Alan Lloyd Kessler**
2725 SE 36th Ave.
Portland, OR 97202
ak@alankessler.law
(503) 860-1020

> "Update, cloud was euthanized. I pleaded they at least wait until the director has responded to our emails. They said 'nope' very heartlessly. This is Andrew and Erin at the MULTNOMAH COUNTY SHELTER."
> (emphasis original)

21.

The way in which the County operates its shelter, the transparency it provides to the public about its operations, and the degree to which animals in the care of MCAS are treated humanely are matters of substantial public concern. This is evidenced, for example, in the large amount of support and attention Klein's posts received.

22.

On July 11, Defendant Cannell emailed Klein to terminate her service at MCAS. Cannell wrote in a letter:

> "Due to your actions occurring over the weekend of July 8-9 that were in violation of the Volunteer Agreement, we are writing to inform you that we are permanently terminating your volunteer service at MCAS, in person or remotely, effective immediately."

23.

Cannell's email to Klein included several paragraphs of text, which Cannell identified as excerpts from MCAS's volunteer handbook. The quoted text purports to require volunteers to "adher[e] to, and show[] support of, the policies and directives of MCAS staff…."

24.

Moreover, the text quoted in Defendant Cannell's letter purports to prohibit volunteers from "…solicit[ing] changes to determined dispositions or individual outcomes without express approval from MCAS, including seeking rescue for animals

7 – FIRST AMENDED COMPLAINT

1  on behalf of MCAS, seeking adoption placement for animals that are not available for
2  adoption, or otherwise disregarding the disposition determination process in place at
3  MCAS."

4  25.

5  In short, each of the County—through Cannell as its agent—and Cannell, as an
6  individual, expressly terminated Klein's volunteer service because of and in retaliation
7  for her public statements regarding Cloud and the County's euthanasia and animal
8  care practices.

FIRST CLAIM FOR RELIEF
UNIFORM DECLARATORY JUDGMENT ACT
**(Oregon Constitution – Article 1, Section 8)**

26.

Plaintiff incorporates the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

27.

Defendants' Volunteer Agreement violates Article 1, Section 8 of the Oregon Constitution because it imposes impermissible restrictions on the content of volunteers' expression.

28.

Defendants' termination of Plaintiff's volunteer service violated Article 1, Section 8 of the Oregon Constitution because it was based on the application of a policy that explicitly regulates expression based on content.

8 – FIRST AMENDED COMPLAINT

**Alan Lloyd Kessler**
2725 SE 36th Ave.
Portland, OR 97202
ak@alankessler.law
(503) 860-1020

29.

Defendants' ban on Plaintiff's future volunteer service violates Article 1, Section 8 of the Oregon Constitution because it punishes Plaintiff for her lawful expressive activities, which were related to topics of public interest, and because it is intended to and/or is likely to chill the free expression of other similarly situated volunteers.

30.

Defendants' termination of Plaintiff's volunteer service was unlawful because it was based on the application of a policy that explicitly regulates expression based on its content.

31.

Defendants' termination of Klein's volunteer service was unlawful because it was motivated by the content of her social media posts.

32.

Defendants' interference with Plaintiff's nextdoor.com posts violated Article 1, Section 8 of the Oregon Constitution because it suppressed Plaintiff's written expression based on its content.

33.

Defendants' policy that volunteers must receive "express approval" before "solicit[ing] changes to determined dispositions or individual outcomes" is a prior restraint on expression in violation of Article I, Section 8 of the Oregon Constitution.

9 – FIRST AMENDED COMPLAINT

34.

Plaintiff is entitled to declaratory relief as to the invalidity of the provisions of law, code, and policy Defendants relied upon in taking the unlawful actions described above.

35.

Plaintiff is entitled to injunctive relief requiring Defendants to reinstate her as a volunteer.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a) For reinstatement of Plaintiff's volunteer service;

b) For permanent injunction prohibiting Defendants from retaliating against Plaintiff or other volunteers for opposing Defendant's policies or practices;

c) For a declaration that MCAS's volunteer agreement or specific portions thereof are invalid;

d) For a declaration that the laws, rules, and policies relied on by Defendants in conducting the actions described above are invalid;

e) For Plaintiff's reasonable attorney's fees and costs pursuant to:

   1) The public benefit doctrine, exemplified by *Deras v. Myers*, 272 Or 47, 66-67, 535 P2d 541 (1975), *Leppanen v. Lane Transit District*, 181 Or App 136, 149, 45 P3d 501 (2002), *Swett v. Bradbury*, 335 Or 378, 67 P3d 391 (2003), and *Kerr v. Bradbury*, 194 Or App 133, 93 P3d 841 (2004); and/or

10 – FIRST AMENDED COMPLAINT

Alan Lloyd Kessler
2725 SE 36th Ave.
Portland, OR 97202
ak@alankessler.law
(503) 860-1020

2) The substantial benefit doctrine, exemplified by *Crandon Capital Partners v. Shelk*, 342 Or 555, 564, 157 P3d 176 (2007) and *De Young v. Brown*, 300 Or App 530, 451 P3d 651 (2019); and

f) Providing all other and further relief as to which Plaintiff may be entitled and which the Court may deem to be equitable and just.

DATED: Feburary 29, 2024.
Respectfully Submitted,

/s/ Alan Lloyd Kessler
Alan Lloyd Kessler, OSB No. 150209
2725 SE 36th Ave.
Portland, OR 97202
*ak@alankessler.law*
Plaintiff/Attorney for Plaintiff

*ATTORNEY TO BE NOTICED*

11 – FIRST AMENDED COMPLAINT

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing FIRST AMENDED COMPLAINT on the party listed below by the following indicated method or methods:

ASHLEY BANNON MOORE
(503) 988-3138
Fax: (503) 988-3377
Multnomah County Attorneys Office
501 SE Hawthorne Blvd
Suite 500
Portland, OR 97214

[X] by electronic means through the U.S. District Court, District of Oregon's CM/ECF document filing system.

[ ] by mailing a full, true and correct copy thereof in a sealed, first-class postage paid envelope, addressed to the address as shown above, with the U.S. Postal Service at Portland, Oregon, on the date set forth below.

[ ] by causing a full, true, and correct copy thereof to be hand-delivered to the attorney at the attorney's last known office address listed above on the date set forth below.

[ ] by faxing a full, true, and correct copy thereof to the attorney at the fax number shown above, which is the last-known fax number for the attorney's office, on the date set forth below.

DATED: Feburary 29, 2024.

/s/ Alan Lloyd Kessler
Alan Lloyd Kessler, OSB No. 150209
2725 SE 36th Ave.
Portland, OR 97202
*ak@alankessler.law*
Plaintiff/Attorney for Plaintiff

1 – CERTIFICATE OF SERVICE

**Alan Lloyd Kessler**
2725 SE 36th Ave.
Portland, OR 97202
ak@alankessler.law
(503) 860-1020